IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEONILDA COLON, | : | No. 4:06-CV-1808 |
| | : | |
| Plaintiff, | : | (Judge Jones III) |
| | : | |
| v. | : | (Magistrate Judge Mannion) |
| | : | |
| MICHAEL J. ASTRUE,[1] | : | |
| Commissioner of Social | : | |
| Security, | : | |
| | : | |
| Defendant. | : | |

**<u>MEMORANDUM</u>**

**September 12, 2007**

On August 20, 2007, Magistrate Judge Malachy E. Mannion filed a Report and Recommendation regarding Plaintiff Leonilda Colon's appeal of the Commissioner's decision to deny her Social Security Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.  (Doc. 11.)  Judge Mannion recommended that the appeal be granted in part and denied in part, and recommended a remand to the administrative law judge ("ALJ") for further

---

[1] Michael J. Astrue became the Acting Commissioner of Social Security, effective February 12, 2007 to succeed Linda S. McMahon.  Pursuant to Federal Rule of Civil Procedure 25(d)(1) and 42 U.S.C. § 405(g), Michael J. Astrue is automatically substituted as the defendant in this action.

proceedings. On August 23, 2007, the Commissioner filed objections to Judge Mannion's report. (Doc. 12.) On August 24, 2007, Colon filed a response to the Commissioner's objections. (Doc. 13.) This matter is now ripe for the Court's review. The Court will adopt the Magistrate Judge's report in part and reject it in part.

## I.    STANDARDS OF REVIEW:

### A.    Review of a Magistrate Judge's Report

In reviewing the report of a magistrate judge, the district court makes a de novo determination with respect to those portions of the report and the findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980); *see also* Local Rule 72.3. In providing for a de novo <u>determination</u> rather than a de novo <u>hearing</u>, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations without the need to rehear testimony. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984.)

**B.      Review of the Denial of Disability Benefits**

When reviewing the denial of disability benefits, a court must determine whether the denial is supported by substantial evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing *Pierce v. Underwood*, 487 U.S. 552 (1988).)

To receive disability benefits, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A.)  Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A.)

**C.     Eligibility Evaluation Process**

A five-step evaluation process is used to determine if a claimant is eligible for disability benefits. 20 C.F.R. § 404.1520; *see also Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999.) If the Commissioner finds that a claimant is not disabled at any point in the process, the review does not proceed. 20 C.F.R. § 404.1520.

Step one requires a claimant to establish that he has not engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(b.) Step two is an evaluation of whether the claimant has a severe impairment. 20 C.F.R. § 404.1520(c.) At step three, the Commissioner must determine whether the claimant's impairment or combination of impairments meets or equals those listed in Appendix 1, Subpart P, Regulations No. 4. 20 C.F.R. § 404.1520(d.)

If the Commissioner determines that the claimant's impairment does not meet or equal a listed impairment, the Commissioner must continue to step four and consider whether the claimant has established that he is unable to perform his past relevant work. 20 C.F.R. §§ 404.1520(e)-(f.) The claimant bears the burden of demonstrating an inability to return to his past relevant work. *Plummer*, 186 F.3d at 428.

The burden then shifts to the Commissioner, at step five, to demonstrate that other jobs exist in significant numbers in the national economy that the claimant is

able to perform, consistent with his medically determinable impairments, functional limitations, age, education, work experience, and vocational factors. 20 C.F.R. §§ 404.1520(g), 404.1560(c.)

## II.   BACKGROUND

### A.   Factual Background

Plaintiff Leonilda Colon seeks Security Disability Insurance Benefits, alleging disability since March 30, 1992 due to asthma and allergies. (Tr. 27, 84, 113.) Colon filed a claim on June 25, 2002 (Tr. 84), which was denied by the state agency on August 15, 2002 (Tr. 75.) Colon filed a request for a hearing (Tr. 79), which was held before the administrative law judge ("ALJ") on January 21, 2004 (Tr. 27-73.) Colon testified at the hearing and was represented by counsel. (Tr. 34-73.)

#### 1.   Personal History

Colon was forty-two years old on the alleged onset date. (Tr. 17.) She has a high school education and past work experience as an office clerk/office aide. (*Id.*) From 1980 to 1986, Colon worked as an office aide for the New York City Board of Education. (Tr. 35-36.) Her work there involved typing, filing and answering the phone. (Tr. 37.) Her work there consisted mostly of sitting, and Colon testified that she could do no lifting at that time. (Tr. 37-38.) During 1987 and 1989, Colon worked part-time in a doctor's office, and in 1990 again worked part-time in another

doctor's office. (Tr. 38-39.) Her work involved answering phones, booking appointments and filing. This work also consisted mainly of sitting with no lifting. (Tr. 39.) In 1990, Colon also worked full-time at a medical center where she filed, typed, answered phones, and sent out purchase orders. (Tr. 39-40.) This job was also performed mainly while seated and with no lifting. In 1991 and 1992, Colon again work part-time in a doctor's office where she filed, billed and answered the phone, again done while sitting and with no lifting. (Tr. 40-41.)

Colon testified that she stopped working in March 1992 because her severe, chronic asthma caused her to frequently miss work, and eventually she was laid off. (Tr. 41.) Colon also testified that she has not been able to work since March 1992 due to a hump on her neck and complications caused by her medications, including an inability to concentrate, problems with her diabetes, and blurred vision. (Tr. 42.) Colon believes her asthma has gotten worse since 1995. (Tr. 56.)

Colon testified that she lives in a rented apartment with her husband, daughter, and granddaughter. (Tr. 35.) During the relevant time period, she primarily remained at home watching television or lying down. (Tr. 50.) Colon stated that she did not cook, clean, or shop, although she was able to make simple meals, such as frozen dinners. (Tr. 51-53.) Colon testified that she is able to dress and bathe

herself. (Tr. 54-55.) Colon also testified that if she attempted to read, she would develop a headache. (Tr. 53.)

Colon testified that she could stand for about twenty minutes and had no problem with sitting. (Tr. 55.) She stated that she could lift less than five pounds. (Tr. 55.) Colon testified that during the relevant time period she walked to the doctor's office, about two blocks one-way. (Tr. 53.) Colon stated that walking caused her feet to swell. (Tr. 55.)

### 2. Medical History

Colon described her asthma symptoms as wheezing, coughing, phlegm, respiratory infections, headaches, tightness in the chest and shortness of breath. (Tr. 50.) Colon testified that her allergy symptoms were sneezing, wheezing and coughing; red, tearful, watery eyes; runny nose and congestion. (Tr. 59.) Colon also testified that during the relevant time period she did not sleep well. She stated that she fell asleep around 5:00 a.m. and slept until about 8:00 a.m. (Tr. 67-68.) She would then go back to sleep until about 11:00 a.m. (*Id.*) Colon stated that she took three hour naps during the day. (*Id.*)

Between March 1992 and September 1995, Colon was treated by Michael L. Lewin, M.D. Colon testified that in 1992, 1993 and 1994, she treated with Dr. Lewin for weekly immune-therapy injections. (Tr. 57-58.) Between 1992 and 1995,

however, Colon had no asthma-related hospitalizations. (Tr. 58.) The Magistrate Judge's report contains a thorough summary of Dr. Lewin's detailed contemporaneous treatment notes, and the Court sees no need to repeat that summary here. (Doc. 11 at 7-11.) In general, the notes show that Colon experienced occasional wheezing and trouble sleeping, that Colon's chest was clear, and that Colon's asthma was "doing well" and was under control with medication. (*See* Tr. 20.)

On July 31, 2002, Dr. Lewin completed a disability assessment for Colon. (Tr. 184-188.) He diagnosed Colon with bronchial asthma with recurrent wheezing. (Tr. 184.) Dr. Lewin found that Colon could lift and carry no weight, she could stand and/ or walk less than two hours per day, she could sit unlimitedly, and she could not do work that would require physical exertion of any type. (Tr. 186-187.)

On December 11, 2002, Dr. Lewin completed a "Pulmonary Impairment Questionnaire." (Tr. 268.) He identified Colon's medical condition as asthma. He indicated clinical findings of shortness of breath, chest tightness, wheezing, rhonchi, episodic acute asthma, fatigue and coughing. (Tr. 269.) Dr. Lewin listed Colon's primary symptoms as wheezing, shortness of breath and coughing. (Tr. 270.) Dr. Lewin noted that Colon experiences asthma attacks two to four times per month and is incapacitated for approximately one week per attack. (Tr. 270.)

Dr. Lewin opined that Colon could sit about four hours in an eight-hour day, stand/walk up to one hour in an eight-hour day, and could not lift or carry more than five pounds. (Tr. 271.) Dr. Lewin indicated that Colon uses a nebulizer and that her symptoms constantly interfere with her attention and concentration. (Tr. 272-273.) Dr. Lewin opined that Colon's impairments are ongoing and would last at least twelve months. He opined that Colon would be required to take unscheduled breaks two to three times per day for thirty minutes at a time during an eight-hour workday. (Tr. 273.) Dr. Lewin found that Colon's impairments would likely produce "good" days and "bad" days and she would likely miss more than three days per month due to her "bad" days. (Tr. 273.) Dr. Lewin opined that Colon would need to avoid wetness, odors, fumes, temperature extremes, humidity, dust, perfumes, gases, solvents/cleaners, cigarette smoke, soldering fluxes, and chemicals. (Tr. 273-274.)

**B.     Procedural History**

After proceeding through the five-step eligibility determination process, the ALJ in this case determined that Colon was not disabled within the meaning of the Social Security Act. At step one, the ALJ found that the Colon had not engaged in substantial gainful work activity during the relevant time period, March 30, 1992 through September 30, 1995. (Tr. 22.) At step two, the ALJ concluded that the Colon's asthma and allergies were severe. (Tr. 22.) At step three, the ALJ

found that Colon's severe impairments were not severe enough to meet or medically equal the criteria for establishing disability under the listed impairments as set forth in Appendix 1, Subpart P, Regulation No. 4. (Tr. 22.)  At step four, the ALJ found that the Colon is able to perform her past relevant work. (Tr. 21-22.)  The ALJ determined that the Colon retained the residual functional capacity ("RFC") to perform sedentary work and that Colon's past relevant work did not required the performance of activities precluded by her RFC.  (Tr. 21-22.)  The ALJ therefore found that Colon was not disabled.  (Tr. 22-23.)

In her appeal, Colon argued that the ALJ made several errors in finding that she retained the RFC to perform sedentary work and by failing to make an appropriate inquiry into Colon's past work and her ability to perform such work. (Pl.'s Br., Doc. 8 at 11.)

The report and recommendation of the magistrate judge concludes that the ALJ's classification of Colon's past relevant work as sedentary work is supported by substantial evidence.  Doc. 11 at 12.  Further, the report concludes that the ALJ properly considered the opinions of Dr. Lewin and rejected them as inconsistent with Dr. Lewin's contemporaneous treatment notes.  *Id.* at 11-14.  The report also concludes that the ALJ did not err in finding that Colon's subjective complaints of pain and limitations are "overstated and lacking in credibility.  *Id.* at 17.  The report

finds that the ALJ considered and evaluated Colon's testimony and the opinions of Dr. Lewin, but properly found that such evidence was inconsistent with Colon's testimony as to her abilities during the relevant time period and Dr. Lewin's contemporaneous treatment notes.  *Id.* at 15-18.  The report further concludes that the ALJ's finding that Colon was not disabled was supported by substantial evidence.  *Id.* at 18.

Finally, however, the magistrate judge's report concludes that the ALJ erred by failing to consider Colon's alleged environmental restrictions.  *Id.* at 15, 19.  The report states that "the ALJ did not indicate what weight, if any, she gave to Plaintiff's alleged environmental limitations."  *Id.* at 15.  The report recommends that this case be remanded for the ALJ to consider Colon's alleged environmental limitations in determining her RFC and ability to perform past work.  *Id.* at 19.

The Commissioner objected to the magistrate judge's report, arguing that the ALJ's opinion, when read as a whole, makes clear the ALJ's finding that Colon's asthma was well-controlled with medication and therefore presented no risk even in the presence of environmental irritants, and that Colon put forth no evidence that past or potential exposure to such irritants limited her ability to perform past work.  (*See* Doc. 12.)  Colon responded that the Commissioner's first argument is unsupported by the record and that the facts underlying the Commissioner's second

argument were never addressed by the ALJ.  (*See* Doc. 13.)

## III.   DISCUSSION

Upon consideration of the magistrate judge's report and recommendation, the parties' briefs, and the record in this case, the Court shall adopt the report in part and reject it in part.

As an initial matter, the Court notes that the only objection to the report is the Commissioner's objection to the recommendation that this case be remanded for the ALJ to consider Colon's alleged environmental limitations.  Neither Colon nor the Commissioner have objected to the report's other conclusions, and therefore, these issues may be dispensed with quickly.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

The Court agrees with the magistrate judge's conclusion that the ALJ properly determined Colon's past relevant work was sedentary work.  Such work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles" and occasional walking and standing.  20 C.F.R. § 404.1567(a).  Here, Colon's past work as an office clerk/office aide was done mainly while seated with no lifting or carrying (Tr. 35-41), and Colon could stand for twenty minutes, lift less than five pounds, walk two blocks, and had no problems sitting (Tr. 53-55).

The Court also agrees that the ALJ properly considered and permissibly rejected the opinions of Dr. Lewin.  An ALJ may reject a treating physician's opinions on the basis of contradictory medical evidence or where the opinion is unsupported by medical data.  *Plummer*, 186 F.3d at 429.  Here, the ALJ found that Dr. Lewin's current opinions as to Colon's disability were contradicted by his own contemporaneous treatment notes, which indicated intermittent symptoms that were controlled by medication, that Colon's chest was clear, and that Colon was "doing well."  (Tr. 19-20.)

The Court further agrees that the ALJ did not err in finding that Colon's subjective complaints of pain and limitations were lacking in credibility.  As noted by the magistrate judge, an ALJ's credibility determinations are entitled to great deference.  *See, e.g.*, *Atlantic Limousine, Inc. v. NLRB*, 243 F.3d 711, 718 (3d Cir. 2001) (stating "where credibility determinations are based on the ALJ's assessment of demeanor, those determinations are entitled to great deference as long as relevant factors are considered and resolutions explained"); *NLRB v. Lee Hotel Corp.*, 13 F.3d 1347, 1351 (3d Cir. 1994) ("The ALJ's credibility determinations should not be reversed unless inherently incredible or patently unreasonable.").  Given the inconsistencies between Colon's complaints and her other testimony, as well as Dr. Lewin's treatment notes, the ALJ was entitled to conclude that Colon was

overstating her complaints. The ALJ considered the relevant evidence and stated the reasons for her determination. (Tr. 18-21.) Therefore, the Court cannot conclude that this is one of the extraordinary cases that merits reversal of a ALJ's credibility determination.

Finally, the Court agrees with the magistrate judge's conclusion that substantial evidence supports the ALJ's determination that Colon can perform her past relevant work and therefore is not disabled. (Doc. 11 at 18.) Colon retained the RFC to perform sedentary work, and her past work was classified as such. Colon was able to stand for twenty minutes, lift less than five pounds, walk two blocks, and had no problem sitting. (Tr. 53-55.) Dr. Lewin's treatment notes reflect that Colon's asthma was under control and that Colon was "doing well." (Tr. 20.) These facts are sufficient to support the ALJ's conclusion under the substantial evidence standard. *Hartranft*, 181 F.3d at 360.

The Court disagrees, however, that a remand is necessary for the ALJ to again consider Colon's alleged environmental restrictions. The evidence concerning Colon's alleged environmental restrictions is found only in the more recent opinions of Dr. Lewin set forth in the "Pulmonary Impairment Questionnaire" which was received at the hearing as part of Exhibit 10F. (Tr. 268-274; *see* Doc. 8 at 13.) Dr. Lewin completed the questionnaire, which appears to have been prepared by

Colon's counsel, on December 12, 2002, more than two years after last treating Colon. (Tr. 274.) Under the question "Are there any other limitations that would affect your patient's ability to work at regular job on a sustained basis (please check all that are applicable)?", Dr. Lewin checked all available choices, namely the need to avoid wetness, odors, fumes, temperature extremes, humidity, dust, perfumes, gases, solvents/cleaners, cigarette smoke, fluxes and chemicals. (Tr. 273-74.)

      The ALJ's opinion indicates that the ALJ adequately considered and permissibly rejected this evidence. First, the ALJ provided a lengthy description of Dr. Lewin's contemporaneous treatment notes. (Tr. 19.) The ALJ then summarized these notes, stating that "they show intermittent dates of increased asthma symptoms that required nebulizer treatments that always resulted in clearing right after the treatments" and that "[t]hey reflect [Colon's] chest to be clear to P&A and asthma under control and doing well." (Tr. 20.) The ALJ further found that the treatment notes do not indicate that Colon ever required emergency room treatment or hospitalization - contrary to Dr. Lewin's later opinion - and that this conclusion was confirmed by Colon's own testimony. (*Id.*) On this basis, the ALJ concluded that "the contemporaneous treatment notes contradict the doctor's statements as to the severity of [Colon's] asthma." (*Id.*) The ALJ then specifically addressed the material found in Exhibit 10F, stating "I also find the statements in the letters in

Exhibit 10F regarding the severity of claimant's asthma are not consistent with the contemporaneous treatment notes in the relevant period and therefore, they are not entitled to significant weight." (*Id.*)

The ALJ's opinion sufficiently fulfills her burden. As the magistrate judge notes, the ALJ need only "indicate that s/he has considered all the evidence, both for and against the claim, and provide some explanation of why s/he has rejected probative evidence which would have suggested a contrary disposition." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981). Here, the ALJ considered all the evidence (Tr. 18-20), explained that she rejected Dr. Lewin's post hac opinions because they are contradicted by his contemporaneous treatment notes and other testimony (Tr. 20), and explicitly indicated the weight ("not ... significant") that she gave to Dr. Lewin's more recent opinions (Tr. 20). That the ALJ did not repeat verbatim the checklist items from Colon's questionnaire does not require a remand. *See, e.g.*, *Cotter*, 650 F.2d at 482 ("[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice."). The ALJ's consideration and explanation for the rejection of evidence concerning Colon's alleged environmental restrictions are sufficient to meet the governing standards. In addition, the ALJ's conclusion on this score is supported by the substantial evidence indicated in the

opinion. (Tr. 19-20). Therefore, the Court finds that a remand to the ALJ for further consideration of this issue is not warranted.

Furthermore, even assuming for the sake of argument that the ALJ's consideration of Colon's alleged environmental restrictions was deficient, a remand would not be warranted because it would not change the outcome of this case. Here, after considering all the evidence, the ALJ concluded that Colon had not met her burden of proving that she is unable to perform her past relevant work. (Tr. 21-22.) The magistrate judge found (Doc. 11 at 18), and the Court agrees, that the ALJ's determination that Colon was therefore not disabled is supported by substantial evidence. Colon put forth no evidence of exposure to any environmental irritants which limited her ability to perform past work, and the Commissioner presented authority indicating that the environmental irritants listed by Dr. Lewin are generally not encountered at Colon's level of work (Doc. 9 at 12-14; Doc. 12 at 6-8). A remand is not necessary unless there is reason to believe that it might lead to a different result. *See Rutherford v. Barnhart*, 399 F.3d 546, 552-53 (3d Cir. 2005) (ALJ's failure to explicitly consider claimant's obesity did not require remand where ALJ indirectly factored obesity decision and remand would not change the outcome of the case); *Lett v. Barnhart*, 80 Fed. Appx. 286 (Table), 2003 U.S. App. LEXIS 9005 at *7, No. 02-2801 (3d Cir. Apr. 28, 2003) (unpublished decision) ("No

principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result" (quoting *Fisher v. Bowen*, 869 F.2d 1055, 1056 (7th Cir. 1989)).  Here there is no reason to believe that the ALJ's further consideration of Colon's alleged environmental restrictions might lead to a different result, and therefore, a remand is not warranted.

## IV.     CONCLUSION

For the foregoing reasons, the Court shall adopt the Report and Recommendation of Magistrate Judge Mannion in part, to the extent that it affirms the opinion of the ALJ, and reject it in part, to the extent that it requires a remand to the ALJ for further proceedings.  An appropriate Order shall issue.